# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ADAM C. FARNEY, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § CIVIL ACTION NO. 4:24-CV-00469-ALM-AGD |
| SECURUS TECHNOLOGY, LLC ET AL., | § |
| | § |
| | § |
| Defendants. | § |

### MEMORANDUM ADOPTING THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report and Recommendation ("Report") of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On June 5, 2025, the Magistrate Judge entered a Report (Dkt. #31) recommending that this case be transferred to the Northern District of Florida, Pensacola Division. On June 23, 2025, *pro se* Plaintiff Adam C. Farney filed objections to the Report (Dkt. #32).

Therein, Plaintiff argues that venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b)(3) because Defendants Securus Technology, LLC ("Securus") and JPAY, Inc. ("JPAY") are subject to this Court's personal jurisdiction (Dkt. #32 at p. 2). However, subsection (3) only applies "if there is no district in which an action may otherwise be brought as provided in this section[.]" 28 U.S.C. § 1391(b)(3). In the Report, the Magistrate Judge found that venue is proper in the Northern District of Florida, Pensacola Division (Dkt. #31). As such, because there is a district in Florida in which this action may be brought, 28 U.S.C. § 1391(b)(3) does not apply.

The Court likewise agrees that venue is proper in the Northern District of Florida, Pensacola Division pursuant to 28 U.S.C. § 1391(b)(2). In Plaintiff's Second Amended Complaint, Plaintiff alleges that Defendants have a contract with the Florida Department of Corrections "and other entities across the United States," and that such contract "is illegal under antitrust laws." (Dkt. #16 at pp. 3–4). Plaintiff only alleges conduct in connection with his incarceration in Florida (*see* Dkt. #16). As such, it appears that "a substantial part of the events or omissions giving rise to the claim occurred" in the Northern District of Florida, Pensacola Division.

The Court also notes that, in his Second Amended Complaint, Plaintiff asserts 15 U.S.C. § 22 as a basis for venue in the Eastern District of Texas (Dkt. #16 at p. 2). Section 12 of the Clayton Act, 15 U.S.C. § 22, permits an antitrust action to be brought in any judicial district where the corporation is an inhabitant, is found, or transacts business. "The defendant corporation need not reside in that district nor be 'found' therein. The only requirement is that the business transacted be of a substantial character." *Pan Am. v. W. Texas Coffee Equip. Co.*, No. B-78-88, 1979 WL 1587, at *6 (S.D. Tex. Jan. 31, 1979) (citation omitted). "[S]ection 12 of the Clayton Act supplements, rather than supersedes, the provisions of the general venue statute." *Bamford v. Hobbs*, 569 F. Supp. 160, 170 (S.D. Tex. 1983), *distinguished on other grounds*, *Entek Corp. v. Sw. Pipe & Supply Co.*, 683 F. Supp. 1092, 1095 (N.D. Tex. 1988). However, here, Plaintiff's filings are devoid of factual allegations or other materials demonstrating that either Defendant transacts business in the Eastern District of Texas (*see* Dkt. #16). As just established, the only conduct of which Plaintiff complains occurred in Florida. Venue is thus improper in the Eastern District of Texas under 15 U.S.C. § 22.

Finally, Plaintiff's reference to a purported forum selection clause does not render venue proper in the Eastern District of Texas. It is well established that "the parties' inclusion of a forum selection clause in their contract 'has no bearing on whether a case falls' under a federal venue provision." *Blacklands R.R. v. Ne. Tex. Rural Rail Trans. Dist.*, No. 1:19-CV-250, 2019 WL 3613071, at *2 (E.D. Tex. Aug. 5, 2019) (quoting *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 55 (2013)). And as noted by United States District Court Judge Ada E. Brown upon overruling Plaintiff's objections to the transfer to the Eastern District of Texas, "once this lawsuit is transferred to that federal judicial district and division, and if it is determined that Securus should appear in that proceeding, Securus may still seek to enforce a forum-selection clause through a motion to transfer under Section 1404(a)." (Dkt. #7 at p. 3).

Accordingly, having received the Report of the Magistrate Judge and all other relevant filings, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's Report as the findings and conclusions of the Court.

It is therefore **ORDERED** that this case is **TRANSFERRED** to the Northern District of Florida, Pensacola Division.

**IT IS SO ORDERED.**

SIGNED this 23rd day of July, 2025.

*[signature]*
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE